NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

February 14, 2018

Paul H. Schafhauser, Esq.
Chiesa Shahinian & Giantomasi PC
One Boland Drive
West Orange, NJ 07052
*Attorney for Plaintiff*

Anthony M. Pisciotti, Esq.
Danny C. Lallis, Esq.
Pisciotti Malsch & Buckley PC
30 Columbia Turnpike, Suite 205
Florham Park, NJ 07932
*Attorneys for Defendant PACCAR*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

Re:  **J. SUPOR & SON TRUCKING & RIGGING CO., INC. v. KENWORTH TRUCK CO., A DIVISION OF PACCAR INC**, *et al*.
**Civil Action No. 2:17-cv-8057 (SDW)(CLW)**

Counsel:

Before the Court is Defendant PACCAR Inc.'s ("Defendant" or "PACCAR") Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED**.

**BACKGROUND & PROCEDURAL HISTORY**

Plaintiff, a New Jersey trucking corporation, seeks to recover damages stemming from an August 30, 2013 truck purchase from Defendant Kenworth.[1] (Compl. ¶¶ 8-9.) On September 3, 2013, upon delivery of the truck, Plaintiff signed Kenworth's Limited Liability Warranty

---

[1] Defendant PACCAR is a Delaware corporation with a principal place of business in Bellevue, Washington. (Compl. ¶ 3, ECF No. 1-1.) Defendant Kenworth Truck Company ("Kenworth") is a division of PACCAR that markets and sells Kenworth trucks. (Compl. ¶ 2; *see also* ECF No. 5-1 at 2.) Defendant Coopersburg Kenworth, Inc. ("Coopersburg"), is a Pennsylvania corporation with a principal place of business in Coopersburg, Pennsylvania. (Compl. ¶ 4.)

1

Agreement (the "Warranty"). (Lallis Decl., ¶ 5, Oct. 31, 2017, ECF No. 5-2, Ex. C.) The Warranty provides, in relevant part:

> YOUR SOLE AND EXCLUSIVE REMEDY AGAINST KENWORTH AND THE SELLING DEALER ARISING FROM YOUR PURCHASE AND USE OF THIS VEHICLE IS LIMITED TO THE REPAIR OR REPLACEMENT OF "WARRANTABLE FAILURES" . . . SUBJECT TO KENWORTH'S TIME AND MILEAGE LIMITATIONS LISTED IN THE ATTACHED VEHICLE ONLY WARRANTY SCHEDULE. The maximum time and mileage limitations in the Warranty Schedule begin on the Date of Delivery to the First Purchaser . . . . **The accrued time and mileage is calculated when this Vehicle is brought into an Authorized Dealer for correction of Warrantable Failures.**

(Warranty at 1 of 3.) The Warranty further provides:

> **TIME LIMIT ON COMMENCING LEGAL ACTION / OTHER TERMS**
>
> It is agreed that you have <u>12 months</u> from the accrual of the cause of action to commence any legal action arising from the purchase or use of the Vehicle, or be barred forever.

(Warranty at 2 of 3.)

Plaintiff alleges that it repeatedly experienced problems with the truck's electrical system and, as a result, has incurred $193,440.00 in damages. (Compl. ¶¶ 13-15.) On August 28, 2017, Plaintiff filed a seven-count complaint against Defendants in the Superior Court of Hudson County, New Jersey, alleging: breach of contract (Count One); breach of the duty of good faith and fair dealing (Count Two); breach of express and/or implied warranty of merchantability (Count Three); breach of express and/or implied warranty for fitness (Count Four); violation of New Jersey's lemon law (Count Five); consumer fraud (Count Six); and rescission (Count Seven). (*See generally* Compl.) Defendants removed the case to this Court on October 10, 2017, and filed the instant Motion to Dismiss on October 31, 2017. (ECF Nos. 1, 5.) Plaintiff filed its opposition on December 4, 2017, and Defendants replied on December 11, 2017. (ECF Nos. 16, 19.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 8(a)(2) requires a complaint to set forth a "short and plain statement of the claim showing that a pleader is entitled to relief." This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading standard under Rule 8 requires "more than an unadorned, the defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted); *Dillin v. Constr. & Turnaround Servs., LLC*, No. 14-8124, 2015 U.S. Dist. LEXIS 124873, at *7-8 (D.N.J. Sept. 18, 2015). However, conclusory or bare-bones allegations will not do. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). *Iqbal* held, "to survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face. *Id.* at 678 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (discussing the standard).

**DISCUSSION**

A statute of limitations defense can be raised in a Rule 12(b)(6) motion to dismiss "if the limitations bar is apparent on the face of the complaint." *BK Trucking Co. v. PACCAR, Inc.*, No. 15-2282, 2016 U.S. Dist. LEXIS 85149, at *15 (D.N.J. June 30, 2016). Generally, "[a] breach of warranty claim, like any claim for breach of contract, must be commenced within four years after the cause of action accrues." *Id.*; U.C.C. § 2-725(1); *see also* N.J. Stat. Ann. § 12A:2-725(1). However, the parties may reduce the applicable statute of limitations period by agreement to not less than one year. U.C.C. § 2-725(1).

Here, PACCAR contends that Plaintiff's claims are barred by the applicable statute of limitations. (ECF No. 5 at 7.) The Warranty expressly reduced the time period for commencing any legal action to "12 months from the accrual of the cause of action." [2] (Warranty at 2 of 3.) Pursuant to the Warranty, Plaintiff's cause of action accrued no later than September 3, 2014.[3] (Warranty at 3 of 3.) Thus, Plaintiff had twelve months from September 3, 2014, to commence a lawsuit to recover damages for any warrantable failures related to the purchase of the truck. Plaintiff does not dispute this fact. (ECF No. 16 at 7.) Instead, Plaintiff argues, although not pleaded, that applying the twelve month time limitation would be unconscionable because the Warranty was a "form contract" prepared by PACCAR and Plaintiff was "given no opportunity in which to incorporate any changes of its own and thus was in a position of disproportionate bargaining power." (ECF No. 16 at 7, 10.) Plaintiff's argument is without merit. As a trucking and rigging corporation, Plaintiff is a sophisticated buyer with experience in making such purchases. (Compl. ¶ 1.) Moreover, the Complaint does not contain any allegations that the contract was entered into under duress, and Plaintiff has failed to provide any sufficient grounds to infer that the Warranty is unconscionable. *See Cummins, Inc.*, 2015 U.S. Dist. LEXIS 29678, at *24-25 (finding that plaintiff, a commercial transportation company, did not allege sufficient

---

[2] Although the Warranty is not attached to the Complaint, it is specifically referenced therein. Therefore, this Court considers its provisions in deciding this motion. *T.J. McDermott Transp. Co. v. Cummins, Inc.*, No. 14-04209, 2015 U.S. Dist. LEXIS 29678, at *9 (D.N.J. Mar. 11, 2015) ("In evaluating a plaintiff's claims, a court may consider the allegations of the complaint as well as documents attached to or specifically referenced in the complaint.").

[3] The Warranty contained a Severe Service Warranty Schedule that provides that Kenworth will pay warranty claims for "Warrantable Failures" that occur within twelve months or 50,000 miles after delivery of the truck, whichever occurs first. (Warranty at 3 of 3.) The truck was delivered to Plaintiff on September 3, 2013. (*See generally* Warranty.) Even a liberal reading of when the Plaintiff's cause of action accrued shows that the statute of limitations expired prior to Plaintiff commencing this action on August 28, 2017.

grounds to infer procedural unconscionability surrounding the negotiation of warranty agreements). Because Plaintiff's claims are time-barred, Plaintiff cannot state a claim upon which relief can be granted. Accordingly, this Court will dismiss Plaintiff's claims.[4]

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Cathy L. Waldor, U.S.M.J.
Parties

---

[4] In light of the statute of limitations bar, this Court declines to address Defendant's alternative legal arguments in support of its motion to dismiss.